## No. 9617.

SAN LUIS VALLEY DRAINAGE DISTRICT NO. 1 *v.* STANLEY.

CONTRACT—*Construed.*  An attorney was employed by the drainage District, "until its final completion." *Held,* to import the organization and establishment of the district, as a legal entity, and not the completion of the drainage works contemplated.

*Error to Conejos District Court, Hon. Jesse C. Wiley, Judge.*

Mr. R. K. BROWN. Mr. CULVER A. GREEN, for plaintiff in error.

Mr. ALBERT L. MOSES, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

THIS is an action by an attorney at law against a client to recover a balance alleged to be due under a contract for compensation, and also to recover the amount of expenses incurred by him in the performance of the professional services required by the contract. As to both matters, the plaintiff prevailed in the trial court, and defendant brings error.

The main question presented upon this review, is whether or not there was a complete performance, under the contract, on the part of the plaintiff.

The defendant is a drainage district, organized and existing under chapter 124, page 311, Session Laws of 1911 (sec. 3647 et seq. M. A. S. 1912). The contract in question was made by the board of directors of the defendant district on April 12, 1912, and, so far as material here, is, in the terms of a resolution appearing in the record book of the defendant, as follows: "It was moved and seconded that Fred D. Stanley be retained and employed as counsel for the drainage district until its final completion, including such litigation as may arise in connection therewith, at a compensation of two thousand five hundred (2,500) dollars plus actual disbursements made in the way of expenses.  *  *  *"

It is the theory and contention of the plaintiff that the words "final completion," as used in the contract, refer

to the completion or establishment of the drainage district, as a legal entity. It is conceded that such completion was brought about long prior to the bringing of this action, and that under plaintiff's construction of the contract he is entitled to recover the unpaid portion of the contract price for his services.

On the other hand, the defendant contends that the words "final completion" refer to the completion of the ditches or of the drainage system. It is admitted that no drainage system had ever been established, and for that reason the defendant claims that the balance of the agreed compensation is not yet due. The defendant proceeds upon the theory that the contract is ambiguous, and therefore invoke various rules of construction.

In our opinion there is no ambiguity, and the words "final completion" refer to the district and not to a drainage system. Grammatically, there is no ground for any other conclusion. It was the completion of the organization of the district that was contemplated by the parties, acording to the plain language of the contract. The plaintiff was first retained by the promoters of the district, in 1909, and brought about the organization of the district. The resolution or contract made after the organization of the district ratified such previous employment, and under that contract the plaintiff took further steps towards effecting a "final completion" by bringing an action in the District Court to confirm the proceedings relating to the organization of the district, and obtained a decree, to that effect, on Feb. 3, 1913. We therefore hold that there had been a "final completion" of the district, under the terms of the contract, and that plaintiff was entitled to recover.

We find no reversible error in the record. The judgment is affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.